UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2006[*]
Decided November 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3071

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 00-CR-143 |
| SIENKY LALLEMAND, *Defendant-Appellant*. | Charles R. Norgle, Sr., *Judge*. |

**O R D E R**

Sienky Lallemand was sentenced to life in prison and ordered to pay $141,942 in restitution after pleading guilty to charges arising from his role in committing identity theft and then killing the victim of his fraud. Lallemand filed but then dismissed a direct appeal from his convictions and sentence. He then waited more than a year before writing the district court requesting that the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

restitution order be terminated based on his purported inability to pay. Lallemand sent several more submissions to the court, including one labeled "Motion to Serve a Supplemental Pleading and Affidavit of Specific Negative Averment," in which he argues that the sentencing court lacked jurisdiction to enter the restitution order because of his "standing at law as a Sovereign." In that same document he also argues that the order is "void for vagueness" because the United States and the Office of the United States Attorney are "fictional agencies." The district court ordered the government to respond, but it failed to do so until after the court had extended the deadline three times on its own motion. The court construed Lallemand's collective submissions as a motion to terminate the restitution order and denied it on the merits.

On appeal Lallemand argues that the district court should have terminated the restitution order because the government was dilatory in responding and then ignored his specific arguments when it finally did respond. The government's delays aside, we note that the district court lacked jurisdiction to terminate the restitution order. Absent a specific statute or rule, a district court lacks jurisdiction to revisit a sentence. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). It was too late for Lallemand to seek correction of the restitution order under Federal Rule of Criminal Procedure 35(a). *See* Fed. R. Crim. Proc. 35(a) (stating that court may correct clear error in sentence within seven days after sentencing). Nor could he seek review under 28 U.S.C. § 2255. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (holding that challenge to restitution component of sentence is not cognizable on collateral review because order to pay restitution does not constitute "custody"). And, moreover, Lallemand was not seeking modification of the restitution order under 18 U.S.C. § 3664(k), which authorizes adjustment, but not termination, of a restitution payment schedule based on a "material change in the defendant's economic circumstances." *See id.* Lallemand sought outright termination of his restitution obligation, not simply a change in the timing of collection. If Lallemand wanted to contest the validity of the restitution order, he should have done so on direct appeal.

Accordingly, the judgment of the district court is MODIFIED to reflect that Lallemand's motion was dismissed for lack of subject matter jurisdiction and, as modified, is AFFIRMED.