NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2014
Decided April 21, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3304

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 93 CR 20024-05 |
| MONTIE L. RUSSELL, | |
| *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

In the early 1990s, Montie Russell was a ringleader of a rather large drug-ring based in Rockford, Illinois. In 1994, Russell was convicted of a conspiracy to distribute crack cocaine, among other offenses. We upheld Russell's conviction on direct appeal. That decision details Russell's involvement in and the nature of the drug trafficking conspiracy, so we will not rehash those details here. In 2009, Russell petitioned for a sentence reduction pursuant to Amendment 706 to the Sentencing Guidelines, which increased the amount of crack cocaine triggering a base offense level of 38 from 1.5

kilograms to 4.5 kilograms. Because Russell was found to be responsible for at least 4.5 kilograms of cocaine, his guideline range would not have changed, and we dismissed his motion for lack of subject matter jurisdiction.

Russell now files a second § 3582(c)(2) motion, this time seeking relief pursuant to Amendment 750, which raised the amount of crack that triggers a base offense level of 38 from 4.5 to 8.4 kilograms of crack cocaine. The district court denied that motion and dismissed for lack of subject matter jurisdiction.

Generally, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also* United *States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (holding that this limitation is jurisdictional). However, there is a limited exception to this rule in § 3582(c)(2), which allows a sentencing court to reduce the term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." We refer to this exception as limited because both the guidelines and our precedent make clear that it only applies if a subsequent amendment has the effect of lowering the guidelines. *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Foreman*, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam).

Here, as with Russell's first § 3582(c)(2) motion, the sentencing range is not lowered.  At sentencing the district court made factual findings that Russell was responsible for the sale of at least 5.5 kilograms of crack cocaine during the period of April 1991 into the summer of 1992. In addition, for the period of summer of 1992 through spring of 1993, the court found Russell responsible for an additional 9 kilograms of cocaine, 80% of which it found to be in the form of crack cocaine. Prior to Amendment 750, the 5.5 kilograms of crack cocaine attributable to Russell would have resulted in a base offense level of 38. If the amendment was applied, and Russell was not found to have been responsible for 8.4 kilograms, his base offense level would be 36. In either case, a four level increase would be applied for his leadership role in the conspiracy, resulting in an offense level of either 40 or 42. Under either level the guideline range would be 360 months to life. Thus, Amendment 750 has no effect on the guideline range, and Russell's motion should be dismissed.

Alternatively, the district court's factual findings at sentencing attribute at least 8.4 kilograms of crack cocaine to Russell. Russell contends that this finding is improper, because the district court allowed the government to "take two bites at the apple" concerning the amount of crack cocaine attributable to Russell. The district court, with an eye on the threshold amount at the time, determined first that Russell was responsible for *at least* 1.5 kilograms of crack cocaine. Then, when deciding Russell's first § 3582(c)(2) motion, it again referenced the threshold and *relying on the same factual findings* determined that he was responsible for at least 4.5 kilograms of crack cocaine. In dismissing Russell's most recent motion, the district court again relied on the same factual findings to determine that Russell was responsible for 5.5 kilograms of crack cocaine for the first part of the conspiracy, and approximately 7.2 kilograms (80% of 9 kilograms) of crack cocaine for the later part. The court's comments concerning the threshold amounts do nothing to change the fact that at each juncture it relied only on its initial factual findings. In any event, a district court may make new factual findings if they are consistent with its previous findings. *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012). The district court properly found that Russell was responsible for at least 8.4 kilograms of crack cocaine. Thus, Amendment 750 would not have lowered the advisory guidelines.

Based on the foregoing, Amendment 750 would not have changed Russell's advisory guidelines whether 8.4 kilograms (versus 5.5 kilograms) of crack cocaine was attributed to him or not. Therefore, the district court properly dismissed Russell's motion for lack of subject matter jurisdiction.

**AFFIRMED**.