# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 00-2789

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ERIC D. GOODE,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 96 CR 91—**James T. Moody**, *Judge.*

———————

SUBMITTED[*] APRIL 29, 2003—DECIDED AUGUST 19, 2003

———————

Before COFFEY, RIPPLE and DIANE P. WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.* In July 1997, a jury found Eric Goode guilty of conspiracy to commit carjacking, 18 U.S.C. §§ 371, 2119; carjacking, *id.* § 2119; and use of a firearm during a crime of violence, *id.* § 924(c)(1). In January 1998, the district court sentenced him to three terms of incarceration totaling 327 months, and also imposed three separate $5,000 fines.

———————

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Almost 29 months later, Mr. Goode filed a petition with the district court asking it to clarify his obligation to pay interest on the fines. Mr. Goode contended that he should not have to pay interest on the fines because he had made installment payments as required by the court's order. He also claimed that he did not receive proper notice that interest would be charged on the fines, and asked the court to excuse him from having to make interest payments because they imposed an unfair financial burden upon him. In addition to requesting clarification of the sentencing order, Mr. Goode alternatively asked that the fines be remitted or suspended. The district court denied his petition. We affirm.

Before addressing the merits of this appeal, we must first ensure that the district court had subject matter jurisdiction to consider Mr. Goode's request. District courts have limited power to revisit sentences after they are imposed. *United States v. Vega*, 241 F.3d 910, 911-12 (7th Cir. 2001) (per curiam). Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996); *Eaton v. United States*, 178 F.3d 902 (7th Cir. 1999). Most of the potential avenues to challenge a sentence are unavailable to Mr. Goode. He cannot move for relief under Fed. R. Crim. P. 35(a), which authorizes a court to correct a sentence within seven days, because his request was filed well past the deadline, which this court has recognized as jurisdictional. *See Vega*, 241 F.3d at 911. Federal Rule of Criminal Procedure 36 allows courts to correct *clerical* errors, *see United States v. Becker*, 36 F.3d 708, 709 (7th Cir. 1994), but Mr. Goode is seeking substantive relief. He also cannot seek redress under 28 U.S.C. § 2255 because he is challenging his fine and not his custody. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.

1997). And, as the district court pointed out, only the Government may petition for remission under 18 U.S.C. § 3573. *See United States v. Linker*, 920 F.2d 1, 1-2 (7th Cir. 1990).

Although none of these aforementioned provisions can serve as a jurisdictional basis for Mr. Goode's petition, we believe the district court had subject matter jurisdiction under 18 U.S.C. § 3572(d)(3). That provision allows criminal defendants to seek relief from fines based on economic hardship:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3). Although Mr. Goode did not couch his petition as a formal "notice" demonstrating a material financial change, we believe his submission was sufficient to trigger subject matter jurisdiction. Mr. Goode specifically asked the  the court to excuse him from having to make interest payments because they were financially burdensome, the exact type of grievance contemplated by § 3572(d)(3). Of course, his request does not have to be meritorious to confer subject matter jurisdiction; it need only present a question within the court's subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."); *Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1132-33 (7th Cir. 2001)

(following guidance of *Steel Co.*); *see also Holiday Magic, Inc. v. Warren*, 497 F.2d 687, 694 (7th Cir. 1974) (federal question jurisdiction is determined by allegations in the complaint and not by the merits of the cause of action). Mr. Goode submits that the district court erred by denying his petition. We cannot accept this contention. Mr. Goode claimed that the interest payments imposed an undue financial burden upon him, but he made no showing under § 3572(d)(3) that he had suffered a material change in economic circumstances that would warrant adjustment of the payment schedule. Moreover, the imposition of interest was proper—it is mandatory under 18 U.S.C. § 3612(f)(1) because his fines exceeded $2,500 and were not paid in full within 15 days of the judgment. Mr. Goode's interest obligation could not be disturbed because the court made no determination at sentencing under § 3612(f)(3) that he was unable to pay.

AFFIRMED

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*