**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4280**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

LEONARD STUART COLEMAN,

                Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:07-cr-00128-1)

Submitted:  November 26, 2008        Decided:  March 23, 2009

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.   Charles T. Miller, United States Attorney, L. Anna Forbes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Stuart Coleman pled guilty to mail fraud, 18 U.S.C.A. § 1341 (West Supp. 2008), and was sentenced to a term of thirty-three months imprisonment. He was also ordered to pay restitution in the amount of $192,740, plus interest. Coleman appeals his sentence, contending that (1) the district court erred in denying his motion to exclude U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) (2007) from consideration at sentencing on constitutional grounds; (2) the district court erred by finding that Coleman abused a position of trust, USSG § 3B1.3; and (3) the district court erred by dismissing without prejudice Coleman's post-judgment motion to modify his interest payments. We affirm the sentence. However, because we agree that the district court had jurisdiction to consider Coleman's post-judgment petition for waiver of interest,[1] we vacate the district court's dismissal order and remand for a ruling on the merits as to that issue.

---

[1] Coleman did not file a notice of appeal from the district court's April 23, 2008 order dismissing his petition. However, we conclude that the docketing statement he filed in this appeal may be treated as the functional equivalent of a notice of appeal from that order. Smith v. Barry, 501 U.S. 244, 248 (1992). The docketing statement was filed within the thirty-day extension period provided in Fed. R. App. P. 4(b)(4), and we find that good cause exists to excuse the late filing. United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

2

Coleman pled guilty to an information charging that, in 2004 and 2005, he embezzled money from the law firm where he worked as an attorney specializing in municipal bond work. Coleman stipulated that he embezzled client fees of $195,740 and attempted to embezzle another $37,500 by causing clients to pay fees into his own personal bank account. Coleman reserved the right to contest the amount of loss for sentencing purposes. At sentencing, the district court overruled Coleman's due process objection to use of the loss table in § 2B1.1(b)(1), and determined that he had abused a position of trust within his law firm, which resulted in a two-level adjustment under USSG § 3B1.1. After judgment was entered and Coleman had noted his appeal, he filed a petition seeking waiver of the interest payments on the restitution he was obligated to pay. The district court found that it no longer had jurisdiction over the sentence and dismissed his petition without prejudice.

On appeal, Coleman first challenges the constitutionality of the loss table in § 2B1.1. He observes that defendants whose crimes result in a loss of less than $1 million may receive enhancements of up to fourteen levels, while offenses resulting in losses between $1 million and $400 million may receive no more than fifteen additional levels. See USSG § 2B1.1(b)(1). Coleman argues that the table produces a disparity similar to the 100:1 ratio for crack cocaine and

3

powder cocaine offenses addressed in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), and thus violates due process.

However, the sentences for offenses involving losses over $1 million are more severe than those for offenses involving smaller losses. Therefore, we conclude that Coleman has not shown a due process violation in the district court's consideration of the loss table generally, or in its application in his case. Additionally, as the district court found, because Coleman's offense involved a loss of less than $1 million, he cannot claim to have been adversely affected, even if his argument has merit.

Next, we review de novo the district court's determination that Coleman held a position of trust under § 3B1.3, and review the factual findings that support the adjustment for clear error. <u>United States v. Ebersole</u>, 411 F.3d 517, 535-36 (4th Cir. 2005); <u>United States v. Caplinger</u>, 339 F.3d 226, 235-36 (4th Cir. 2003). Under § 3B1.3, an adjustment is required if "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." A "position of trust" is "characterized by professional or managerial discretion." USSG § 3B1.1, comment. (n.1).

Coleman argues that the adjustment for abuse of a position of trust was inappropriate because he did not occupy a

4

position of trust with respect to the clients whose money he diverted, whom he characterizes as the victims of his offense. He further claims that he did not use any special skill in preparing the invoices to the clients.

Coleman's law firm was the victim of his offense. The firm lost the money paid by its clients when Coleman diverted the money to his personal use. Coleman acknowledged that within his firm he "held a position of authority and operated with a level of independence in his day to day work." We conclude that the district court did not clearly err in finding that Coleman occupied a position of trust within his law firm and that his position of trust facilitated the commission of his offense.

Finally, we agree with Coleman that the district court erred in declining to address his post-judgment petition for waiver of interest. Once judgment is entered, the sentencing court loses jurisdiction to change the sentence except in a few circumstances where a statute or Rule 35 permits it to revisit the sentence. United States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008); United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). One such statute is 18 U.S.C. § 3612 (2006). While § 3612(f)(1) provides that payment of interest is mandatory on restitution of more than $2,500, § 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest.

5

In *Goode*, the defendant filed a post-sentencing petition seeking a waiver of interest on his fines, and alternatively asking that the fines be remitted or suspended. The district court denied the petition. The appeals court held that, regardless of its merits, the district court had jurisdiction to consider the post-judgment petition under 18 U.S.C. § 3572(d)(3) (2006). *Goode*, 342 F.3d at 743. Under *Goode*, Coleman is correct that the district court had jurisdiction to consider his petition, and erred in dismissing it without a ruling on the merits. Therefore, we vacate the court's order dismissing the petition without prejudice. On remand, the court should reconsider Coleman's petition and rule on the merits of his request for a waiver of interest payments.[2]

We otherwise affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[2] We express no opinion on the merits of Coleman's petition.