FILED
United States Court of Appeals
Tenth Circuit

**March 12, 2014**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

RICHARD DAVID WYSS,

    Defendant-Appellee.

No. 13-4005

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:08-CR-00766-CW-1)**

---

David B. Barlow, United States Attorney, and Elizabethanne C. Stevens, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellant.

Richard David Wyss, pro se.

---

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.[*]

---

**BALDOCK**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The issue before us is whether 18 U.S.C. § 3563(c), which generally authorizes a district court to modify a defendant's conditions of probation, authorized the court in this case to modify an order of restitution imposed pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, over three years after the judgment of sentence became final. Reviewing this question of statutory interpretation de novo, United States v. Rentz, 735 F.3d 1245, 1248 (10th Cir. 2013), we hold § 3563(c) did not authorize the district court to modify the order of restitution, and reverse.

I.

Defendant Richard Wyss pled guilty in December 2008 to one count of making false statements to the Federal Transportation Security Administration (TSA), in violation of 18 U.S.C. § 1001. Defendant concealed from TSA that he was working full-time for the Utah Department of Public Safety (DPS) while also employed full time by TSA. In his plea agreement and at his plea hearing, Defendant agreed he owed DPS $188,548.92 in restitution.[1] See 18 U.S.C. § 3663A(a)(3) (directing the

_____

[1] As to the amount of restitution owed, the Presentence Report stated:

According to the plea agreement, all parties, including the victim agencies, agree the loss and restitution in this case to be $188,548.92. Said restitution is owed DPS. Between September 27, 2003, and March 21, 2008, DPS paid Mr. Wyss $418,997.60 in actual salary. On February 24, 2005, in regard to his employment with DPS, Mr. Wyss wrote an email to Fern Mosely at TSA advising her that he worked "18 to 22 hours" per week at DPS. Accepting Mr. Wyss' representation that

(continued...)

2

court to order, "if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense"). At Defendant's April 7, 2009 sentencing hearing, his counsel reiterated: "Mr. Wyss has agreed to make restitution in the amount stated in the plea agreement. We are not backing away from that." Aplt's App. at 225.

The district court sentenced Defendant to three years probation, a downward variance from the guideline range of 12–18 months imprisonment. Because Defendant committed his crime "by fraud or deceit," an order of restitution was a mandatory condition of his probation. See 18 U.S.C. §§ 3563(a)(6)(A), 3663A(c)(1)(A)(ii). The court ordered Defendant to remit $188,548.92 to DPS, the full amount of loss agreed to by the parties, or a minimum of $5,238.00 monthly until paid in full. See id. § 3664(f)(1)(A) (directing the district court to order restitution "in the full amount" of loss). In imposing restitution, the court commented:

> It is evident that the defendant has agreed to an amount for restitution that is a substantial amount, and I don't believe that the court is free to vary from that amount based on the [plea] agreement between the parties that that is the appropriate amount. . . . I think that both the United States and the defendant are bound by their statement and [the

---

[1](...continued)
he provided 22 hours of service each week to DPS, he worked approximately 55% of the time. Since Mr. Wyss received a salary for full time employment from DPS, the loss to DPS equates to 45% of $418,997.60 which amounts to $188,548.92.

Aplt's App. at 390.

court] will honor that agreement in imposing what the restitution should be.

Aplt's App. at 245.

On August 29, 2012, over 40 months after his sentencing hearing, Defendant filed a motion asking the district court to grant him credit against the order of restitution. He claimed he was entitled to credit based on annual, sick, and holiday leave he earned while at DPS. Defendant asked for credit amounting to $68,647.16. DPS objected to Defendant's motion: "He already received all of the credit to which he is entitled." Id. at 42. The Government did not submit a response. At an initial hearing on October 3, 2012, the court framed the issue as "whether or not there are additional credits that [Defendant] is entitled to from the state for which he is not being given credit." Id. at 265. The Government suggested the court lacked authority to grant Defendant's motion:

> [Government]: As Your Honor knows, the Tenth Circuit is very clear that absent statutory authority, a court can't modify a final order.
> * * *
> Court: I am not going to modify the order. I may make a finding that [Defendant] gets credit for something that the state has promised him, but I am not going to modify the order.

Id. at 271.

At an evidentiary hearing two weeks later, the district court squarely rejected the Government's argument that the court lacked authority to reduce the amount of restitution Defendant owed DPS. The court stated 18 U.S.C. § 3563(c) authorized modification of Defendant's conditions of probation, including "changes in the

4

amount of restitution." Aplt's App. at 279. Retreating from its earlier statement that the court would not modify the order of restitution, the court now stated: "I'm going to make a determination under the light of the current circumstances, taking into account the entire record, if the amount of restitution should be changed . . . ." Id. at 304.

In the end, the district court reduced the amount of restitution Defendant owed DPS from $116,879.12, the balance outstanding at the time of the evidentiary hearing, to $48,231.96. This is to say the court reduced the amount of restitution owed by $68,647.16, the same amount Defendant had asked for in credit from DPS. But the court never found Defendant was entitled to any credit:

> So the basis for my judgment as to how much the restitution should be reduced is not based on the fact that as a matter of law or contract or state regulations that defendant would necessarily be entitled to these amounts. But I believe . . . the amount of restitution that was calculated as a part of the plea agreement was not a just number to reflect the amount of loss that was actually suffered by the State. . . . In the lack of any better evidence as to what the amount was, I am going to reduce it and accept the full amount that Mr. Wyss has presented as a reduction of restitution.

Id. at 380. The court explained that "whether [Defendant] is entitled . . . to credits under state rules and state guidelines . . . is not the relevant consideration." Id. at 376. Rather, the court based its ruling on the "interest of justice" under something akin to a totality of the circumstances approach. Id. at 360. The Government again objected, but to no avail:

5

> At the last hearing, I specifically raised the issue of whether the court has authority to modify a final judgment. I believe that the court does not have that authority, and we haven't had a chance to brief the legal aspects of this. Your Honor specifically said that the issue that would be considered here today was not a modification of the judgment, but only whether or not credit would be given based on any agreement that Mr. Wyss had . . . with [DPS]. So now . . . the court's actually prepared to rule on an issue for which the government had no notice and no preparation until right before the beginning of this hearing.

Id. at 367.

Three days later, the court entered a written order (1) directing Defendant to pay the outstanding restitution balance of $48,231.96 immediately; (2) waiving interest on the amount outstanding; and (3) terminating Defendant's term of probation. The next day, Defendant filed a second motion claiming an error in the calculation of his DPS salary and requesting a further reduction of $10,607.76 in the amount of restitution owed. The court, over the Government's continuing objection to its authority, granted Defendant's second motion on December 10, 2012. The Government timely appealed pursuant to 18 U.S.C. § 3742(b).

## II.

On appeal, the Government frames the issue in its opening brief as "[w]hether the district court had jurisdiction . . . to reduce the total amount of the final restitution judgment." Let us make clear at the outset of our discussion that the question before us does not implicate the district court's subject matter jurisdiction. The argument that the district court lacked statutory authority to order a belated reduction in Defendant's restitution—an argument the Government has made

6

throughout the course of this controversy—does not utilize "authority" in the jurisdictional sense, but in the sense in which a court lacks "authority" to impose, for instance, a sentence below a statutory minimum. See Dolan v. United States, 560 U.S. 605, 626 (2010) (Roberts, C.J., dissenting). Such action may constitute reversible legal error, but such error does not implicate the district court's subject matter jurisdiction, which in criminal prosecutions generally arises under 18 U.S.C. § 3231. See Arbaugh v. Y & H Corp., 546 U.S. 500, 515 (2006) (explaining that only where Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional" should a court treat it as such).

The question remains, however, whether 18 U.S.C. § 3563(c) authorized the district court to do what it did in this case. Under § 3563(a)(6)(A), the original order of restitution imposed upon Defendant pursuant to the MVRA constitutes a condition of his probation. Id. § 3563(a)(6)(A). Section 3563(c) in turn provides that subject to appropriate procedures: "The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, . . . ." Id. § 3563(c). So far so good for Defendant. But we cannot read § 3563(c) in a vacuum.

Apart from § 3563, Congress through its enactment of the MVRA set up a specific and detailed scheme addressing the issuance and modification of restitution orders arising out of criminal prosecutions. The mechanism for the issuance and enforcement of orders of restitution entered pursuant to § 3663A is set forth in 18

7

U.S.C. § 3664. Subsection (o) of the latter statute provides the means by which an order of restitution may be altered:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
>> (1) such sentence can subsequently be—
>>
>>> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>>>
>>> (B) appealed and modified under section 3742;
>>>
>>> (C) amended under subsection (d)(5); or
>>>
>>> (D) adjusted under section 3664(k); 3572, or 3613A; or
>>
>> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

Defendant offers no persuasive argument that might suggest any of § 3664(o)'s enumerated exceptions apply to his case, and for good reason. None of them authorized the district court to *reduce* Defendant's restitution over three years after his sentencing.[2] Section 3742 addresses sentencing appeals. Section 3664(d)(5)

---

[2] Where a district court is authorized to modify a condition of probation, we review such modification for an abuse of discretion. See United States v. Jost, 15 F. App'x 735, 738 (10th Cir. 2001) (unpublished). Because the district court lacked authority in this case, we have no occasion to consider whether the court's blatant disregard of the plea agreement (which relieved the Government of its burden of presenting evidence to establish loss) constituted an abuse of discretion.

addresses losses unascertainable at the time of sentencing. Section 3554(k) addresses the manner in which restitution shall be paid. Section 3572 addresses the imposition of a fine in relation to restitution. Section 3613A addresses the effect of a default in restitution payments. Section 3565 addresses revocation of probation. And § 3614 addresses resentencing upon a failure to pay restitution. This leaves only Fed. R. Crim. P. 35, which permits a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Id. R. 35(a). Both Defendant's claims before the district court—that he was entitled to credits from DPS based on leave time accrued and that DPS erred in calculating his salary—may involve arithmetical or technical errors in the calculation of restitution correctable under Rule 35(a). But Rule 35(a) requires a court to correct a sentence "[w]ithin 14 days after sentencing." See United States v. McGaughy, 670 F.3d 1149, 1155–58 (10th Cir. 2012).

Unfortunately, neither the Supreme Court nor any of our sister circuits appears to have resolved whether once a district court has entered a sentence that includes a mandatory order of restitution pursuant to § 3663A, the court may subsequently alter that order absent a showing of one of the § 3664(o)(1)–(2) factors. But the Fourth Circuit came close in United States v. Grant, 715 F.3d 552 (4th Cir. 2013). In that case, the Government sought to add a new special condition to defendant's probation requiring her to apply tax refunds towards outstanding restitution. The court described the Government's position as follows:

9

In the face of § 3664(o)'s seemingly comprehensive language, the government nonetheless maintains that, when payment of restitution is made a condition of probation, a district court may increase the rate at which a defendant is required to pay as a condition of his probation even if none of § 3664(o)'s enumerated exceptions apply. The government specifically relies on the authority granted to district courts by 18 U.S.C. § 3563(c) to "modify, reduce, or enlarge [probation conditions] at any time prior to the expiration or termination of the term of probation, . . . .

Id. at 557. The Fourth Circuit said this about the Government's argument: "We are extremely skeptical that Congress intended that granting district courts the general authority to modify probation provisions would allow courts to bypass the much more specific scheme Congress created concerning modification of restitution, essentially rendering the scheme a nullity in a wide range of cases."[3] Id. at 558.

Of course, the argument the Government posed in Grant is the same argument Defendant poses here. Defendant claims § 3563(c) authorized the district court to modify the order of restitution (by reducing the amount of restitution owed), notwithstanding § 3664(o). Like the Fourth Circuit, we too are "extremely skeptical" of such argument. Grant, 715 F.3d at 558; see also United States v. Nelson, 2013 WL 3381436, at *1 (E.D. Mich. 2013) (unpublished) ("[O]nce a restitution order has been established, it cannot be amended absent a showing of one of the factors in

---

[3] The court ultimately bypassed the purely legal question of whether "there are any circumstances in which a district court may modify a restitution obligation in the context of modifying a probation condition even when none of the § 3664(o) exceptions apply." Grant, 715 F.3d at 558. Instead, the court held the district court's adoption of the special condition in that case constituted an abuse of discretion.

10

§ 3664(o), . . ."); <u>United States v. Hamburger</u>, 414 F. Supp. 2d 219, 224 (E.D.N.Y. 2006) (A district court "is without authority to reduce its restitution order as a modification of the terms of probation.").

Only in one respect does the MVRA permit a district court to mitigate the impact an order of restitution initially might have on a defendant responsible for the full amount of loss. The court "may relax the 'manner' of payment based on the defendant's financial resources." <u>United States v. Newsome</u>, 322 F.3d 328, 341 (4th Cir. 2003) (citing 18 U.S.C. § 3664(f)). Once the order is entered, §3664(k) further provides "the defendant shall notify the court . . . of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). If the district court determines a material change in defendant's financial circumstances has occurred, subsection (k) authorizes the court to "adjust the payment schedule . . . as the interests of justice require." <u>Id.</u> Neither subsection (k) nor any other provision of § 3664, however, authorizes a reduction in the amount of restitution ordered over three years prior. Only in the narrowest circumstance does the MVRA provide for a belated reduction in the amount of restitution ordered. Subsection (j)(2) states the amount of restitution paid "shall be reduced by any amount later recovered as compensatory damages for the same loss" in a federal or state civil proceeding. <u>Id.</u> § 3664(j)(2).

In this case, the district court misapprehended the governing provisions of the MVRA. Nothing in the MVRA authorized the court three years post sentencing to

reduce the amount of restitution Defendant owed DPS simply because the court believed the parties got it wrong in the plea agreement.  Much of § 3664(o) would be rendered meaningless if a court, at any time during a defendant's period of probation, could in the "interests of justice" reduce restitution previously ordered. The maxim that "specific statutory provisions prevail over more general provisions" absent clear congressional intent to the contrary is well-established.  United States v. Burke, 633 F.3d 984, 989 (10th Cir. 2011) (internal quotations omitted). Consistent therewith, the district court should not have applied a general provision in this case, § 3563(c), when doing so undermined limitations created by a more specific provision, § 3664(o).  See id.

Accordingly, the orders of the district court reducing the amount of restitution Defendant owed DPS are REVERSED.  This cause is REMANDED for reinstatement of the original order of restitution.

12