**UNITED STATES of America,**
**Plaintiff,**

v.

**Kenneth L. BRUMFIELD, Defendant.**

**Case No. 1:95:CR:106.**

United States District Court,
W.D. Michigan,
Southern Division.

Signed Aug. 28, 2015.

Joel S. Fauson, U.S. Attorney, Grand Rapids, MI, for Plaintiff.

Milton C. Grimes, Los Angeles, CA, for Defendant.

## MEMORANDUM ORDER DENYING MOTION FOR RELIEF FROM INTEREST PORTION OF FINE

GORDON J. QUIST, District Judge.

■ Pursuant to the Court's February 11, 2015 Order, the government has filed a response to Defendant's request that the Court waive, or relieve Defendant from, the interest portion of his fine. The Court requested the government to address whether the Court has jurisdiction to modify the judgment with regard to Defendant's interest obligation and whether Defendant has demonstrated a material change in his economic circumstances that might warrant waiver of the interest.

For the following reasons, the Court concludes that it lacks jurisdiction to amend Defendant's judgment to waive interest on the fine.

On September 5, 1997, the Court sentenced Defendant for conspiracy to distribute more than five kilograms of cocaine to 240 months' imprisonment, five years of supervised release, a $25,000 fine, and a special assessment of $50. The Court also ordered Defendant to pay the cost of his incarceration and imposed the following payment schedule: (1) special assessment; (2) cost of incarceration; and (3) fine principal. All of Defendant's criminal monetary penalties were due and payable immediately. The Court imposed interest on the fine pursuant to 18 U.S.C. § 3612(f). Defendant did not object to the imposition of interest. Interest on the fine began to accrue on September 22, 1997. *See* 18 U.S.C. § 3612(f)(1).

Defendant appealed his conviction, which the Sixth Circuit affirmed. *See United States v. Brumfield,* No. 97–2029, 2000 WL 263310 (6th Cir. Mar. 1, 2000). In his appeal, Defendant did not contest the imposition of the fine or interest. Defendant was released from incarceration on September 11, 2014. On October 10, 2014, Defendant filed a *pro se* motion requesting that he be relieved of paying interest on the fine.[1] Defendant's current accrued interest obligation is approximately $22,115.24.

■ "The authority of a district court to modify a previously-imposed sentence is limited by statute." *United States v. Stiff,* 407 Fed.Appx. 896, 898 (6th Cir.2011) (citing *United States v. Ross,* 245 F.3d 577, 586 (6th Cir.2001)); *see also United States v. Goode,* 342 F.3d 741, 743 (7th Cir.2003)

---

1. Defendant also requested that the Court appoint him counsel. The Court denied this request in its February 11, 2015 Order.

("Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule."). A sentence that includes a fine is deemed final, even though the "fine can subsequently be—(1) modified or remitted under section 3573; (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified under section 3742." 18 U.S.C. § 3572(c).

The Court's initial task is to identify any possible source of authority for the post-sentence relief that Defendant seeks. Defendant cites no statute or rule in support of his request. The Court notes that several statutes and rules are inapplicable to Defendant's situation. First, 18 U.S.C. § 3572(d)(3), which permits a court to adjust a payment schedule or require immediate payment in full, applies only when the court has imposed a payment schedule. "The statute by its terms does not apply where the fine is due immediately and in a lump sum." *United States v. Wynn*, 328 Fed.Appx. 826, 828 (3d Cir.2009); *see also United States v. Cobb*, 41 Fed.Appx. 840, 841 (7th Cir.2002) (noting that relief is available under § 3572(d)(3) only when a court orders payments in installments). Because Defendant was ordered to pay his fine immediately, he is not entitled to relief under § 3572(d)(3).[2] Second, 18 U.S.C. § 3573, which allows a court to remit all or part of a fine or special assessment, including interest, provides no authority in the instant case because "[b]y its own terms, § 3573 applies strictly to the government and not to defendants." *United States v. Mays,* 13 Fed.Appx. 283 (6th Cir.2001). Third, Rule 35 of the Federal Rules of Criminal Procedure cannot apply because the time for correcting an error expired

long ago. Finally 18 U.S.C. § 3742, which applies to appeals, does not apply.

The only possible statutory basis of authority for this Court to consider Defendant's request is 18 U.S.C. § 3612(f)(3), which provides that "[i]f the court determines that the defendant does not have the ability to pay interest under this subsection," it may "(A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues." Courts have reached different conclusions whether § 3612(f)(3) permits a court to grant post-sentencing relief from interest. The decisions from the circuits are not particularly instructive. In *United States v. Goode*, 342 F.3d 741 (7th Cir.2003), the defendant, who had been ordered to pay interest in installment payments, filed a motion to clarify his obligation in which he argued that he should not have to pay interest. Addressing the district court's jurisdiction, the court concluded that the district court had jurisdiction under 18 U.S.C. § 3572(d)(3) to entertain the defendant's motion because the district court had ordered installment payments. *Id.* at 743. Nonetheless, the court concluded that the defendant had not shown that he was entitled to relief. It noted that the defendant's interest obligation was mandatory and "could not be disturbed because the court made no determination at sentencing under § 3612(f)(3) that he was unable to pay." *Id.* at 744. Although the Seventh Circuit arguably suggested that § 3612(f)(3) applies only at the time of sentencing, its observation was not so limited. In *United States v. Coleman*, 319 Fed.Appx. 228 (4th Cir.2009), the Fourth Circuit cited *Goode* for the proposition that "§ 3612(f)(3) per-

---

**2.** Section 3572(d)(3) limits the relief a court may grant to adjustment of the payment schedule or ordering immediate payment in full. It does not authorize a court to waive interest.

mits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest." *Id.* at 230. The *Coleman* court's reliance on *Goode* is inexplicable, however, because *Goode* says nothing about § 3612(f)(3) authorizing a district court to modify an interest obligation post-judgment.

District courts also have reached different results, but by the Court's count, the majority of them have concluded that § 3612(f)(3) does not provide post-sentencing jurisdiction. *See United States v. Fromm,* No. 98 CR 755, 2014 WL 2864710 (N.D.Ill. June 18, 2004); *United States v. Jumping Eagle,* No. 00–50006–01KES, 2013 WL 587481 (D.S.D. Feb. 14, 2013); *United States v. Eberhard,* No. 03 Cr. 562(RWS), 2012 WL 2568971 (S.D.N.Y. July 3, 2012); *United States v. Teeter,* No. 2:99–cr–35–GZS, 2011 WL 1560557 (D.Maine Apr. 25, 2011); *United States v. Southworth,* No. 2:03–cr–17, 2008 WL 509541 (D.Vt. Feb. 22, 2008); *United States v. Messier,* No. 3:05cr279 (JBA), 2007 WL 1821687 (D.Conn. June 25, 2007). In *Fromm,* the defendant requested waiver of interest on his restitution obligation. The court rejected the defendant's argument that § 3612(f)(3) provided jurisdiction for such relief, noting that "Congress did not identify section 3612(f)(3) as a basis upon which an order of restitution can be altered or modified under 18 U.S.C. § 18 U.S.C. § 3664(*o*)." *Fromm,* 2014 WL 2864710, at *2. Other courts have simply concluded from the language of the statute that it applies only at the time of sentencing. *See Teeter,* 2011 WL 1560557. ("While this provision does allow the Court to waive and limit interest on fines and restitution, it clearly contemplates that the Court will exercise this discretionary authority at sentencing."). The court in *Messier* thought that § 3573 supported the conclusion that § 3612(f)(3) was not appli-

cable to the defendant's motion for waiver of interest because § 3573 allows the government, but not the defendant, to petition post-sentencing for remission of all or part of a fine, including interest. *Messier,* 2007 WL 1821687, at *1 n. 1. In contrast, the courts in *United States v. Benjamin,* No. DKC 96–0217, 2011 WL 3821534 (D.Md. Aug. 26, 2011), and *United States v. Perez,* No. 90–CR–546, 2008 WL 4865992 (N.D.Ill. July 1, 2008), concluded that § 3612(f)(3) provides authority for post-sentencing modifications. The *Benjamin* court merely cited the unreported *Coleman* decision as authority for its conclusion. *Benjamin,* 2011 WL 3821534, at *2–3. The *Perez* court reasoned that nothing in the statute "precludes post-sentencing reconsideration of interest." *Perez,* 2008 WL 4865992, at *3.

This Court agrees with those district courts that have concluded that § 3612(f)(3) does not grant district courts jurisdiction to modify an interest obligation after the sentence has been imposed. First, echoing the *Fromm* court, this Court notes that Congress did not include § 3612(f)(3) in § 3572(c) as a basis for altering a sentence of a fine. In addition, when considered in the context of the remainder of § 3612, the language of § 3612(f)(3) indicates that the determination supporting a modification of interest must be made at—not after—the time of sentencing. Finally, § 3573, which permits the government, but not the defendant, to petition the court to remit all or part of an unpaid fine, including interest, supports the conclusion that Congress did not intend to allow a defendant to use § 3612(f)(3) to do what he cannot do under § 3573. As the government notes, a prior version of § 3573 permitted a defendant to petition the court to remit or modify a fine, but that section was amended in 1987 to allow only the government to file such a

petition. *See United States v. Seale,* 20 F.3d 1279, 1284 (3d Cir.1994). The amendment eliminating a defendant's ability to petition for modification or remission further supports that conclusion that § 3612(f)(3) does not provide a district court jurisdiction to modify or waive a previously-imposed interest obligation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief From Interest Portion of Fine (dkt. # 343) is **DENIED.** Defendant may seek relief with the Financial Litigation Unit of the United States Attorney's Office. *See* 18 U.S.C. § 3612(h).

·IT IS SO ORDERED.