RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

EDMUND PHILLIPS,

*Defendant-Appellant*.

No. 20-1051

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:99-cr-00091-2—Gordon J. Quist, District Judge.

Decided and Filed: August 17, 2021

Before: ROGERS, DONALD, and BUSH, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Jennifer S. Murnahan, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee. Edmund Phillips, III, Atlanta, Georgia, pro se.

ROGERS, J., delivered the opinion of the court in which DONALD, J., joined. BUSH, J. (pp. 12–18), delivered a separate dissenting opinion.

_____

## OPINION

_____

ROGERS, Circuit Judge. Edmund Phillips, who is currently incarcerated for armed bank robbery, filed a pro se motion seeking to waive the accumulated interest on his restitution sentence. The district court held that it lacked subject-matter jurisdiction to modify a restitution order post-sentencing and dismissed the motion. On appeal, Phillips contends that the district

court had jurisdiction under 18 U.S.C. § 3612(f)(3). Although the circuits are split on the issue, and the statutory language is not clear, the fairest reading of the statute is that the district court's power to waive interest on restitution because of a defendant's inability to pay can be exercised not only at initial sentencing but also at a point after initial sentencing in light of changed circumstances regarding ability to pay.

In 2001, Phillips pled guilty to three counts of armed bank robbery and one firearms offense. The District Court for the Western District of Michigan sentenced Phillips to 312 months in prison, followed by five years of supervised release, and ordered him to pay $51,086.10 in restitution to seven different victims, including financial institutions and individuals. The court ordered the restitution amount payable immediately with payments to begin from Phillips's prison earnings during incarceration. Phillips did not object at the time of sentencing to the restitution judgment or the imposition of interest. His conviction and sentence were affirmed on direct appeal, and he did not challenge the restitution judgment before this Court. *United States v. Phillips*, 42 F. App'x 743, 743–44 (6th Cir. 2002). In 2005, Phillips sought to set a payment plan for the balance of his restitution judgment. The district court subsequently modified the judgment to establish a payment schedule providing for payments to be made in either quarterly or monthly installments. Phillips made no objections to this amended judgment.

In November 2019, Phillips filed the pro se motion at issue here seeking to amend his judgment again, this time to waive the interest on his restitution debt under 18 U.S.C. § 3612(f)(3). Phillips argued that his "limited financial resources" and post-sentencing rehabilitation justified remitting the balance of his accumulated interest. The government noted that, as of December 16, 2019, Phillips's outstanding principal balance was $13,191.04, with $25,550.51 owed in interest. The district court, relying on *United States v. Brumfield*, 125 F. Supp. 3d 648 (W.D. Mich. 2015), denied Phillips's motion on the grounds that it lacked jurisdiction to modify an interest obligation post-sentencing. This appeal timely followed.

Section 3612(f)(3) provides:

(f) Interest on fines and restitution . . .

> (3) Modification of interest by court.--If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may--

> (A) waive the requirement for interest;

> (B) limit the total of interest payable to a specific dollar amount; or

> (C) limit the length of the period during which interest accrues.

18 U.S.C. § 3612(f)(3). Nothing in this language limits its applicability to the initial sentencing. Moreover, the very fact that ability to pay interest can change substantially over the years, and that interest is not payable until all of the principal has been paid, suggest that a court may waive the interest requirement after sentencing.

The position that § 3612(f)(3) applies post-sentencing finds some support in case law from the Northern District Court of Illinois and other jurisdictions. *United States v. Perez*, No. 90-CR-546, 2008 WL 4865992 (N.D. Ill. July 1, 2008). In *Perez*, the district court looked to the statute's caption to determine whether § 3612 applies post-sentencing. *Id.* at *1. The court concluded that because the title of § 3612 is "Collection of Unpaid Fine or Restitution," and the title of Chapter 229 of the Federal Criminal Code, within which § 3612 is located, is "Postsentence Administration," the statutory scheme expressly contemplated post-sentence modifications to unpaid restitution obligations. *Id.* This makes sense, although we are hesitant to rely too heavily on the language of the heading, in light of the Supreme Court's caution in *Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Company*, 331 U.S. 519 (1947), that a statute's "heading is but a short-hand reference to the general subject matter involved," that does "no more than indicate the provisions in a most general manner." *Id.* at 528–29. Cases in the Fourth and Seventh Circuits cited by Phillips give him some additional support, although we do not rely on their reasoning. In *United States v. Goode*, 342 F.3d 741, 744 (7th Cir. 2003), the Seventh Circuit held that the district court had subject-matter jurisdiction over Goode's request that his fines be remitted under 18 U.S.C. § 3572(d)(3), the language of which is nearly identical to that of 18 U.S.C. § 3664(k), which addresses restitution judgments specifically. Both § 3572(d)(3) and § 3664(k) simply allow the court to adjust a payment

schedule, which is different from waiving interest altogether. The Fourth Circuit's unpublished decision in *United States v. Coleman*, 319 F. App'x 228, 229 (4th Cir. 2009), relies primarily on *Goode*, and appears to be contradicted by later published dictum in *United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013).

We also do not rely upon Phillips's additional argument, raised for the first time on appeal, that a basis for jurisdiction exists under 18 U.S.C. § 3664(k). Phillips is seeking a total waiver of his interest obligation, not an adjustment to his payment schedule, and thus his requested relief is outside the scope of § 3664(k).

The government's primary argument on appeal is that 18 U.S.C. § 3664(o) contains an exclusive list of the ways a final restitution judgment may be modified, and that because § 3612(f) is not on that list, it therefore cannot be used to modify restitution interest post-sentencing. *See, e.g.*, *United States v. Puentes*, 803 F.3d 597, 607 (11th Cir. 2015); *Brumfield*, 125 F. Supp. 3d at 651. However, this argument founders entirely when the language of § 3664(o) is carefully read. The statute provides:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such a sentence can subsequently be—
>
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> (B) appealed and modified under section 3742;
>
> (C) amended under subsection (d)(5); or
>
> (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o). Section § 3612(f)(3) is not listed in § 3664(o), and while § 3664(k) is included, it does not apply here for the reasons stated above. The government argues that the text of § 3664(o) reflects Congress's intent to create an exhaustive list of the ways that a restitution order can be modified post-sentencing.

The language of § 3664(o) does not bear this interpretation. Section 3664(o) does not list a series of exceptions under which a court may modify a restitution order that becomes a final

judgement. Instead, by its literal terms it provides that a sentence imposing an order of restitution is "final . . . notwithstanding the fact that" such a sentence can be changed in the five listed ways. 18 U.S.C. § 3664(o). This is not a list of exceptions to when an order of restitution is final, but rather a list of possibilities that do *not create* an exception. This is because "notwithstanding" does not mean "except" or "unless." Rather, it means "despite." *E.g.*, Merriam-Webster's *Collegiate Dictionary* (10th Ed. 1997). The meanings are so different as to verge on being opposite. For example, to say that "an automobile is taxable unless (or except if) it is inoperable or antique" means that if the automobile is inoperable or antique, then it is *not* necessarily taxable. But if we were to say, "an automobile is taxable notwithstanding (or despite) the fact that it is inoperable or antique," this would mean that though the automobile was inoperable or antique it was *still* taxable. This second statement logically permits the existence of all kinds of additional things that do not keep the automobile from being taxable. The automobile can be taxable even though other things are true about the car, such as whether it is damaged or rusty. In other words, the automobile is taxable even if it is damaged or rusty, even though "damage" and "rust" are not in the stated list of things that do not preclude taxability. By analogy, in § 3664(o), the term "notwithstanding" applies to a list of possible orders that do not keep an order of restitution from being a final judgment, but does not at all preclude the possibility that many other types of subsequent orders would not preclude such finality. In short, because the word "notwithstanding" is used in § 3664(o) rather than "unless" or "except," § 3664(o) cannot be read to make § 3664(o)(1)(a)–(d) & (2) an exclusive list.

Second, the word "final" in § 3364(o) could mean more than one thing. It could mean either "not interlocutory and thus appealable" or "impossible for the trial court to modify subsequently." The only way that the government's § 3364(o) argument is coherent is if *both* (1) "notwithstanding" means "unless" rather than "despite" and (2) "final" means that the district court cannot modify its own position rather than that the decision is appealable. The first is very clearly not the case, for the reasons given above. The second, the interpretation of "final," has not been supported by the government other than by ipse dixit.

To be sure, other circuits have decided similar cases in different ways. The Eleventh Circuit in *Puentes*, for instance, interpreted § 3664(o) as providing an exclusive list of the ways a

final restitution judgment can be modified. 803 F.3d at 607; *see also United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) (same); *United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013) (supporting the same interpretation in dictum).  However, those decisions did not analyze the definition of "notwithstanding" and its overall function in the statutory scheme.  They instead took a more purpose-based approach, concluding that Congress would not have crafted the list in § 3664(o) if it did not intend to make it exclusive.  The Eleventh Circuit relied on what is "suggest[ed]" by what "Congress seems to have provided."  *Puentes*, 803 F.3d at 607; *see also Wyss*, 744 F.3d at 1219; *Grant*, 715 F.3d at 558.  Respectfully, we conclude that this is not a particularly compelling conclusion to be drawn from the "notwithstanding" language.

The government further argues that post-sentencing waiver of interest is precluded under § 3612(f)(3) because Congress prescribed a different remedy for defendants seeking relief from interest requirements, that remedy being § 3612(h).  Under that provision, defendants like Phillips can send requests for relief from interest payments to the Attorney General, who has plenary authority to waive interest if "reasonable efforts to collect the interest or penalty are not likely to be effective."  18 U.S.C. § 3612(h).  The government contends that there would be no need for Congress to craft this remedy if defendants could simply petition the courts to modify their interest obligations, and it would make little sense for a defendant to have two bites at the apple to seek relief from interest.  But this argument too is questionable.  In two respects it is not the same apple.  The Attorney General waiver does not require court approval, and the court could order waiver over the Attorney General's objection.  Permitting one type of relief but not the other might be what Congress intended, but it is not logically required merely from the lack of language saying when the court can exercise the authority that it is given.  Permitting the Attorney General to waive interest is not the same thing as permitting a court to do so on the defendant's motion.  Section 3612(h), in other words, could just as easily have been intended to provide an alternate, and perhaps less costly, forum for defendants to request relief, without precluding court relief.

Moreover, § 3612(h) itself is silent as to when a defendant may petition the government to waive an interest obligation.  Strictly as a textual matter, there is nothing in § 3612(h) that even suggests that the Attorney General may waive interest at any time rather than just at

sentencing. In other words, there is no textual basis for saying that § 3612(f) must be exercised at sentencing while § 3612(h) need not. Accordingly, none of the statutes cited by the government provides the answer to whether § 3612(f) applies post-sentencing.

Statutory history, to the extent we may properly consider it, is not compelling and does not offer much direction. The government contends that, based on the statutory history of § 3612 and 18 U.S.C. § 3573 (an assertedly analogous statute dealing with fines), Congress rejected creating a mechanism for defendants to challenge their interest obligations post-sentencing. Instead, Congress created an alternative remedy by permitting the government to waive interest under § 3612(h). Amendments to both §§ 3612(f) and 3573, coupled with the new addition of § 3612(h), purportedly reveal Congress's intention to limit judicial consideration of interest payments only to the time of sentencing. However, most of the history the government points to concerns only fines, not restitution. Moreover, the prior statutory language, and the modifications made in subsequent legislation, do not reveal any congressional intent to foreclose consideration of restitution interest post-sentencing. Congress simply indicated its preference for interest to apply to certain criminal sentences.

When originally enacted as part of the Sentencing Reform Act of 1984, § 3612 only applied to criminal fines. Pub. L. No. 98–473, 98 Stat. 1837, 2004–05. The statute authorized a district court to impose interest on a fine only if the court determined that there was "willful nonpayment" by the debtor. *Id.* § 3612(f). Section 3573 also applied to only fines, allowing defendants to petition courts "at any time" to extend their payment schedule or seek remission of all or part of their unpaid portion, including interest and penalties. *Id.* § 3573, 98 Stat. at 1997.

Three years later, Congress passed the Criminal Fine Improvements Act of 1987 ("CFIA"), which amended § 3612 to its current form, though the provision still applied only to fines at the time. Pub. L. No. 100–185, Sec. 11, § 3612, 101 Stat. 1279, 1283–85. The amendment eliminated judicial discretion to apply post-judgment interest for delinquency or default due to "willful nonpayment." *Id.* Instead, the amended § 3612(f)(1) mandated the payment of interest on any fine greater than $2,500 if not paid in full within 15 days of the judgment, making it much more likely that defendants would have to pay interest on their fines. *Id.* Congress also enacted § 3612(f)(3) in its current form, allowing a court to waive an interest

obligation if it determines that the defendant does not have the "ability to pay interest." *Id.* Additionally, the CFIA amended § 3573 to make it so that courts could entertain an action to remit an unpaid fine, including interest and penalties, only "[u]pon petition of the government showing that reasonable efforts to collect a fine or assessment are not likely to be effective." Pub. L. No. 100–185, Sec. 8, § 3573, 101 Stat. 1279, 1282. This version of the statute remains current. 18 U.S.C. § 3573. The CFIA also added a new provision, § 3612(h), granting the Attorney General the authority to unilaterally waive all or part of an interest requirement if it determined that collection efforts were unlikely to be effective. § 3612, 101 Stat. at 1285. With this new provision and the amendment to § 3573, Congress purportedly created a new approach—that only the government could seek modification of an interest obligation in court.

Congress later enacted the Mandatory Victims Restitution Act of 1996 ("MVRA"), which extended the legal framework concerning fines to restitution orders as well. The only change to the language of § 3612(f) was the addition of the word "restitution" to the provision's sub-heading and text. Pub. L. No. 104–132, Sec. 207, § 3612, 110 Stat. 1214, 1238.

The government argues that the CFIA created a new legal framework for fines by eliminating the rights of debtors to request post-judgment relief in courts, pointing to the amended language of § 3573 and § 3612(h) as evidence of Congress's intent to make it so that courts could grant relief from interest only if first presented with a petition by the government indicating that collection efforts were unlikely to be effective. The government contends that the MVRA applied this same framework to restitution sentences as well. However, the statutory language does not support this framework. Originally, § 3573 allowed defendants to petition for remission of interest "at any time" so long as they showed a good faith effort comply with the terms of their sentences. Although this language was removed in the CFIA amendment, it was replaced with language in § 3612(f) that was less favorable to defendants. Under this modified statutory regime, instead of allowing defendants to petition for remission "at any time" based on good faith, § 3612(f)(3) made it so that a court could modify or waive interest only based on the defendants' inability to pay interest. With no temporal limitation in the text of § 3612(f)(3), that provision limits only the grounds on which a defendant could seek post-judgment relief, but it does not eliminate the right to petition a court for post-judgment relief entirely.

This interpretation comports with Congress's goal in the CFIA of making collection of interest more likely, by ensuring collection efforts are focused on where they are most likely to be effective. The fact that Congress wanted to make it easier to apply interest and harder to get out of an interest obligation does not mean that it intended to foreclose defendants' ability to receive relief based on potentially dire changes in financial circumstances.

Furthermore, the government's statutory history argument has only one real textual hook, the so-called alternative remedy of § 3612(h). But the inference is tenuous, and we have already addressed the reasons why § 3612(h) is not compelling as an alternative to defendants' ability to petition for post-sentencing relief in court. The fact that Congress allowed the government to petition for post-judgment relief under the amended § 3573 and § 3612(h) merely suggests that Congress sought to provide the government with more tools for the efficient management of unpaid fines and restitution obligations. The statutes contain no exclusive language suggesting that Congress intended to limit requests for post-judgment relief solely to the government. The government offers no argument for why § 3612(f)(3) must apply at sentencing but not § 3612(h). There is no textual basis for the argument that § 3612(h) allows waiver of interest any time post-sentencing, just as there is no textual basis for the argument that *only* the government can petition the court for post-judgment relief from interest. At most, the addition of these new provisions simply shows Congress's interest in allowing the government to seek speedy modification of criminal sentences where it decides that attempts to collect on unpaid fines or restitution are unlikely to succeed. In other words, there is no textual basis for saying that § 3612(f)(3) must be exercised at sentencing while § 3612(h) need not. Thus, even assuming that we may use such history to determine the meaning of § 3612, the statutory history here does not clearly reveal the congressional intent put forth by the government. Thus, the government's statutory history arguments are not compelling.

Lastly, the government argues that allowing a defendant to seek reduction of a final restitution judgment would contravene the purpose of victim's rights statutes. That is, the government contends, that Congress generally wanted restitution to be paid, as shown by its mandate that victims have "[t]he right to full and timely restitution as provided in law," in the 2004 Crime Victims' Rights Act. 18 U.S.C. § 3771(a)(6). This argument is not compelling. An

approach based on the general policy driving the statutory provisions is not particularly persuasive one way or another. If the purpose of the statute is served by permitting defendants to obtain relief at the time of sentencing, and to petition the Attorney General for relief from interest under § 3612(h), it is not clear why a defendant's petition to the district court would not serve a similar purpose. In each respect, the statutory scheme is balancing the need to collect restitution with the need to ensure defendants have a reasonable opportunity to make good on their obligations. The government's argument suffers from a classic problem with purposivism: at what level of generality is the purpose derived? At a more general level, § 3612(f)(1) shows the purpose of requiring interest on restitution (to provide for full recovery), but at a more particular level, § 3612(f)(3) shows a congressional intent to permit waiver or reduction of the interest obligation. It does not make sense to use the general level purpose to decide the time at which the more particular level kicks in.

In short, all of the government's arguments for precluding post-sentencing modification of restitution interest are textually flawed. We are left with statutory language that gives the court power to waive interest on restitution obligations on the basis of ability to pay. Primarily based on the obvious fact that such ability can change over the years, the statute is best read unrestrictively to permit post-sentencing waiver.

Although the district court could exercise its power under § 3612(f)(3) to waive restitution interest after sentencing, the court could decline to do it now in the exercise of its discretion, given that Phillips's ability to pay interest will probably not be relevant for several years. Phillips still owes almost $13,191.04 in restitution principal, with more than $25,550.51 outstanding in interest. Liability for restitution debt expires "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b). Reviewing the Bureau of Prisons records, the government noted that Phillips is set for release on January 17, 2023. If this release date holds, then Phillips's restitution liability will expire twenty years after release, on or about January 17, 2043, even if some portion of the balance remains unpaid.

Given his meager prison earnings, it remains to be seen whether Phillips will be able to pay off the balance of his principal while incarcerated. Even after his release, it is unclear

whether Phillips will be able to pay off the outstanding principal before the liability expires in 2043. The principal must be entirely paid off before the interest can be paid. 18 U.S.C. § 3612(i). Phillips is not paying any restitution interest currently and will likely not pay any interest for the foreseeable future. At the very least, it appears unlikely that Phillips will have to make an interest payment while incarcerated. Once Phillips is released, his financial situation could materially improve, allowing him to make the necessary interest payments. Thus, the district court in its discretion may provisionally deny Phillips's waiver of interest motion as premature.

The denial of the motion for waiver of interest is reversed and remanded for further proceedings in light of this opinion.

---

**DISSENT**

---

JOHN K. BUSH, Circuit Judge, dissenting.  "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."  *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  The statutory provision relevant here, 18 U.S.C. § 3612(f)(3), does not contain explicit authorization for the district court to modify Phillips's interest obligations post sentencing.  For that reason, I respectfully dissent.[1]

In full, § 3612(f) states the following:

Interest on fines and restitution.--

(1) In general.--The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment. If that day is a Saturday, Sunday, or legal public holiday, the defendant shall be liable for interest beginning with the next day that is not a Saturday, Sunday, or legal public holiday.

(2) Computation.--Interest on a fine shall be computed--

    (A) daily (from the first day on which the defendant is liable for interest under paragraph (1)); and

    (B) at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which the defendant is liable for interest under paragraph (1).

(3) Modification of interest by court.-- If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may--

    (A) waive the requirement for interest;

    (B) limit the total of interest payable to a specific dollar amount; or

    (C) limit the length of the period during which interest accrues.

---

[1]Unlike the district court, I do not speak of "'authority' in the jurisdictional sense, but in the sense in which a court lacks 'authority' to impose, for instance, a sentence below a statutory minimum." *United States v. Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014). I would nonetheless affirm. *See United States v. Beals*, 698 F.3d 248, 263 (6th Cir. 2012) ("We may affirm the ruling on any ground supported by the record.").

Considered in its totality, § 3612(f) establishes the procedure for imposing interest on fines and restitution at the time of sentencing, not afterwards. It provides in part (1) that "[t]he defendant shall pay interest on any fine or restitution of more than $2,500," unless the principal is paid within a defined fifteen-day period. In part (2), it specifies how the interest on a fine or restitution is to be computed at sentencing. And part (3) identifies the ways in which the sentencing court may modify the interest required by parts (1) and (2) "[i]f the court determines that the defendant does not have the ability to pay interest under this subsection." Clearly, § 3612(f) sets forth the process for imposing interest on fines and restitution when a sentence is imposed. *See United States v. Brewer*, 699 F. App'x 318, 318 (5th Cir. 2017) (reading § 3612(f)(3) as providing authorization for a district court to modify a defendant's interest obligation "at sentencing"); *United States v. Goode*, 342 F.3d 741, 744 (7th Cir. 2020) (same). That should end the matter.

The majority, however, reads part (3) in isolation to apply not just to interest modification at sentencing. Instead, according to the majority, federal courts have unbridled authority by virtue of part (3) to modify interest on fines and restitution orders whenever they want and even without any prompting by the parties. That reading of the statute ignores that the court's authority in § 3612(f)(3) to modify interest appears as part of the statutory scheme for sentencing, not to change a sentence already imposed. It also flips our standard presumption that district courts do not have the authority to modify sentences unless Congress says so expressly. *See* Maj. at 3 (reasoning that because § 3612(f)(3) does not expressly limit modification to sentencing, it must implicitly extend post sentencing). In my view, again, the provision simply grants district courts the ability to modify statutorily mandated interest payments at the time of sentencing and no later.[2]

The majority also discusses two separate statutory provisions at length: 18 U.S.C. § 3664(o) and 18 U.S.C. § 3612(h). But neither provision reinforces the majority's reading of § 3612(f)(3).

---

[2]That the title of the federal code within which § 3612(f) is located is labeled "Postsentence Administration" does not alter my conclusion. As the majority acknowledges, we are duty-bound to follow the "wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Bhd. of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 528 (1947); *see* Maj. at 3.

Working backwards, I agree with the majority that § 3612(h) does not tell us much about § 3612(f)(3).  *See* Maj. at 7–8.  I need not belabor that point here.

As to § 3664(o), some discussion is warranted.  Under that provision:

A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
(1) such a sentence can subsequently be--
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

> (B) appealed and modified under section 3742;

> (C) amended under subsection (d)(5); or

> (D) adjusted under section 3664(k), 3572, or 3613A; or

(2) the defendant may be resentenced under section 3565 or 3614.

The majority reads this section as a non-exhaustive list of provisions authorizing district courts to modify interest obligations post sentencing.  *See* Maj. at 4–8.  *But see United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) (holding that § 3664(o) is exhaustive); *United States v. Puentes*, 803 F.3d 597, 607 (11th Cir. 2015) (same).  According to the majority, Congress's failure to include § 3612(f)(3) in § 3664(o) is therefore not detrimental to its holding.  But even if the majority is correct, and § 3664(o) is not exhaustive, we must still assure ourselves that § 3612(f)(3) explicitly authorizes the district court to modify Phillips's interest obligations after sentencing.  Plainly it does not.

What's more, each provision listed in § 3664(o) differs greatly from § 3612(f)(3) and confirms that when Congress grants a federal court post-sentencing authority to modify restitution payments, it does so expressly.  First, subsection (A) cites Federal Rule of Criminal Procedure 35, which explicitly permits a court to correct a sentence, including a restitution order, years after sentencing.  Next, subsection (B) cites 18 U.S.C. § 3742, which permits a defendant to appeal a sentence—again, including a restitution order—so that an appellate court may modify it.  Under 18 U.S.C. § 3664(d)(5), referenced in the following subsection, (C), courts can modify a restitution order if the victim's losses are not ascertainable 10 days before sentencing.  If a victim discovers further losses, he has 60 days to petition the court for an amended restitution

order which can only be granted upon a showing of good cause. Subsection (D) cites 18 U.S.C. § 3664(k) and § 3572, which expressly contemplate a court modifying a restitution payment schedule or requiring immediate payment in full if, after sentencing, a defendant's economic circumstances change. Also referenced in subsection (D) is 18 U.S.C. § 3613A, which permits a court, upon a finding that the defendant is in default on a fine or restitution, to, among other things, order sale of property, adjust the payment schedule, or take any other action necessary to obtain compliance. Finally, 18 U.S.C. § 3565 and § 3614 allow a defendant to be resentenced, and so a court could modify a restitution order at the resentencing.

Notwithstanding the fact that those provisions are express grants of post-sentencing authority unlike § 3612(f)(3), given the majority's interpretation, they are of little value because a court can, at any time after sentencing, modify a defendant's interest obligation under § 3612(f)(3). Like the Fourth Circuit, I remain "extremely skeptical" that Congress would grant district courts general authority in § 3612(f)(3) to modify a defendant's restitution obligations given the very specific scheme Congress created concerning modification of restitution in § 3664(o). *See United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013).

At bottom, the parties and the majority agree that § 3612(f)(3) does not clearly or expressly authorize a federal court to modify a defendant's interest obligation post sentencing. *See* Maj. at 6 (acknowledging that there is a "lack of language saying when the court can exercise the authority that it is given"). And federal courts do not have the authority to modify sentences without such a grant. *Alexander*, 951 F.3d at 707. Accordingly, I would affirm. So I respectfully dissent.