FILED
United States Court of Appeals
Tenth Circuit

August 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD R. RISING, JR., a/k/a Gerry
Rising,

Defendant - Appellant.

No. 19-1279
(D.C. No. 1:11-CR-00117-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **LUCERO**, **McHUGH**, and **EID**, Circuit Judges.
_____

Defendant Gerald Rising seeks modification of a restitution order. He pled

guilty to mail fraud, theft or embezzlement in connection with a health care program,

and money laundering. At his sentencing in 2012, the district court sentenced him to

66 months' imprisonment and ordered him to pay $3.5 million in restitution. Nearly

seven years after the entry of the sentence, Rising filed a motion seeking

modification of the restitution order. The district court denied the motion,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

concluding that Rising's appeal was untimely and that modification was not permitted under the Mandatory Victims Restitution Act ("MVRA").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 2011, Rising pled guilty to mail fraud, theft or embezzlement in connection with a health care program, and money laundering.  In his plea agreement, he stipulated that the aggregate loss to the victims was between $2.5 million and $7 million.  He waived his right to appeal unless certain conditions applied, including if "the Court determines that the offense level is greater than 28 and imposes a sentence based upon that offense level determination."  At the plea hearing, the government represented that the loss was "in the neighborhood of [$]3 to $3.5 million."

In Rising's presentence investigation report ("PSR"), the United States Probation Office determined that his total offense level was 29.  It found there were at least one hundred victims of Rising's scheme and that their aggregate loss was at least $3.5 million.  The PSR recommended that the court impose restitution for the full amount of the $3.5 million loss.

Before Rising's sentencing hearing, the parties stipulated that the loss was $3.5 million.  At the hearing, Rising acknowledged the "documents stating [he] stole $3.5 million" and the "$3.5 million loss to the victims."  The court adopted the factual findings in the PSR without objection.  Consistent with the PSR, the court found the total offense level to be 29, corresponding to a Guidelines imprisonment range of 84 to 108 months.  Varying downward from the Guidelines range, the court

sentenced Rising to 66 months' imprisonment. It also ordered him to pay $3.5 million in restitution. The court advised Rising of his right to appeal the sentence, but it did not advise him separately about his right to appeal the restitution order. Final judgment was entered on April 11, 2012, and Rising reported to the Bureau of Prisons on May 14, 2012.

In 2013, Rising filed a pro se 28 U.S.C. § 2255 motion stating that the "restitution amount could conceivably be reduced from $3,500,000 to less than $1,000,000 by requiring a victim impact statement for any individual or employer seeking restitution." The district court denied the motion.

In 2019, Rising moved to modify his restitution order, arguing the government did not prove the loss amount. The district court denied the motion, concluding that the MVRA did not authorize it to modify the restitution order. Rising appeals.

**II**

As a threshold matter, we address whether Rising's appeal is authorized under the appeal waiver in his plea agreement. We must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

Under the plea agreement, Rising waived his right to appeal unless "the Court determines that the offense level is greater than 28 and imposes a sentence based upon that offense level determination." (emphasis added). The PSR determined his

3

offense level to be 29, as did the district court.  But the district court varied downward from the Guidelines range in imposing his sentence.

Rising argues that under the first Hahn factor, his appeal does not fall within the scope of the waiver because the district court determined his offense level to be 29.  "[C]ontract principles govern plea agreements."  Id. at 1324-25.  And in determining whether an appeal falls within the scope of an appeal waiver, we "strictly construe appeal waivers."  Id. at 1325 (quotation and alteration omitted).  "[A]ny ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights."  Id. (quotation omitted).

The district court determined that Rising's offense level is greater than 28.  The appeal waiver does not expressly contemplate a situation in which the district court finds Rising's offense level to be greater than 28 but varies downward.  We conclude it is ambiguous whether a sentence that varies downward from the Guidelines range based on an offense level is a sentence "based upon that offense level determination."  Because this ambiguity must be construed against the government, we conclude that Rising's appeal waiver does not apply.

**III**

We turn to whether the MVRA authorizes a modification of Rising's restitution order.  The MVRA provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>     (1) such a sentence can subsequently be—

4

(A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
(B) appealed and modified under section 3742;
(C) amended under subsection (d)(5); or
(D) adjusted under section 3664(k), 3572, or 3613A; or
(2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o). This subsection "provides the means by which an order of restitution may be altered." United States v. Wyss, 744 F.3d 1214, 1217 (10th Cir. 2014). "Much of § 3664(o) would be rendered meaningless if a court . . . could in the 'interests of justice' reduce restitution previously ordered" in a situation not within an enumerated exception. Id. at 1219.

The district court concluded that none of these exceptions apply. We agree. On appeal, Rising cites 18 U.S.C. § 3742(a)(1), which allows a defendant to file a notice of appeal "for review of an otherwise final sentence if the sentence . . . was imposed in violation of law." § 3742(a)(1). A defendant has fourteen days following the entry of a restitution order to appeal. See Fed. R. App. P. 4(b)(1)(A)(i). Rising did not do so in this case. To the extent Rising argues that § 3664(o)(1)(B) authorizes his belated attempt to challenge the restitution order, we conclude it does not.

Rising does not otherwise argue that the MVRA authorizes modification of his restitution order. Accordingly, we do not address the merits of Rising's argument

5

that the government failed to substantiate the loss amount of $3.5 million, an amount to which he stipulated before sentencing.[1]

**IV**

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Rising contends that his due process rights were violated because although the district court advised him at sentencing that he had fourteen days to appeal his sentence, it did not separately advise him of his right to appeal the restitution order. Because he raises this argument for the first time on appeal, we do not consider it. See Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal.").