*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0147P (6th Cir.)
File Name: 04a0147p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

No. 03-4593

STERLING ROBINSON,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 95-00079—George C. Smith, District Judge.

Argued: April 27, 2004

Decided and Filed: May 21, 2004

Before: GUY and GILMAN, Circuit Judges; BARZILAY,
Judge.*

---

**COUNSEL**

**ARGUED:** Gordon Hobson, FEDERAL PUBLIC
DEFENDER'S OFFICE, Columbus, Ohio, for Appellant.

---

\* The Honorable Judith M. Barzilay, Judge for the United States Court
of International Trade, sitting by designation.

2  *United States v. Robinson*  No. 03-4593

Dana M. Peters, UNITED STATES ATTORNEY, Columbus,
Ohio, for Appellee. **ON BRIEF:** Gordon Hobson,
FEDERAL PUBLIC DEFENDER'S OFFICE, Columbus,
Ohio, for Appellant. Dana M. Peters, UNITED STATES
ATTORNEY, Columbus, Ohio, for Appellee.

---

**OPINION**

---

RONALD LEE GILMAN, Circuit Judge. Sterling
Robinson pled guilty in July of 1997 to a drug trafficking
crime. He was granted an early release from his term of
imprisonment in September of 2001. On September 26, 2002,
Robinson admitted at a hearing held before a magistrate judge
that he had violated the terms of his supervised release. The
magistrate judge recommended that Robinson's supervised
release be revoked and that he be sentenced to a one-year
term of additional imprisonment to be followed by a four-year
term of supervised release.

On January 8, 2003, the district court issued an order
adopting the magistrate judge's Report and Recommendation
"insofar as it recommends revocation." The district court
amended its order on November 25, 2003, adding a two-year
term of supervised release to the sentence that it had imposed
on January 8, 2003. Robinson appeals his amended sentence
on the ground that the district court lacked jurisdiction at that
point to amend the sentence. For the reasons set forth below,
we **REVERSE** the judgment of the district court and
**REMAND** with instructions to reinstate the sentence that was
imposed on January 8, 2003.

## I. BACKGROUND

Robinson pled guilty to one count of unlawful distribution
of more than 50 grams of crack cocaine on July 23, 1997. He
was sentenced to 96 months in prison, to be followed by 60

months of supervised release. On September 21, 2001, Robinson was granted an early release from prison and began his term of supervised release. The United States Probation Office petitioned the district court on August 16, 2002 to revoke Robinson's supervised release because he was using cocaine and marijuana and was failing to participate in a substance-abuse program.

On September 26, 2002, Robinson stipulated to the violations at a revocation hearing before a magistrate judge. The magistrate judge issued a Report and Recommendation on November 20, 2002, proposing that Robinson's "supervised release be revoked and that [he] be sentenced to a term of imprisonment of 12 months, such term of imprisonment to be followed by another term of supervised release of 4 years." On January 8, 2003, the district court adopted the report in part, stating: "The Court ADOPTS the Magistrate Judge's report and recommendation insofar as it recommends revocation, and accordingly the Court REVOKES defendant's supervised release."

Nine months later, based upon an inquiry from the Bureau of Prisons regarding supervised release, the district court gave notice that it intended to modify its January 8, 2003 judgment. A hearing on its proposed modification was held on November 25, 2003. At the hearing, the district judge stated the following:

> The matter was brought to the Court's attention by a representative of the Bureau of Prisons, who asked the Court for clarification of defendant's term of supervised release after he completes his 12-month term of imprisonment. Upon review of the Court's January 8, 2003 order, it appears that the Court has omitted the term of supervised release to be served by the defendant.

. . . .

> Rule 36 of the Federal Rules of Criminal Procedure provides that after giving any notice it considers appropriate, the Court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission.

> The Court therefore finds that it has authority under Rule 36 to correct the defendant's supervised release term that was omitted from his sentence on the revocation. The Court provided appropriate notice to all parties of this hearing on October 21, 2003. It was the Court's intention to sentence the defendant to a two-year term of supervised release. Therefore, the Court's January 8, 2003 order stands amended.

This appeal followed.

## II. ANALYSIS

### A. Standard of review

The government argues that we should review the "district court's finding of clerical error . . . under a 'clearly erroneous' standard." Robinson, however, does not seek review of the district court's finding that it had the intention on January 8, 2003 to include a term of supervised release. Instead, Robinson seeks review of the district court's legal conclusion that its failure to express an intended element of a sentence constitutes a "clerical error" under Rule 36. Conclusions of law are reviewed de novo. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (applying de novo review to determine whether the district court had jurisdiction under Rule 36 to correct the original written judgment that sentenced the defendant).

**B. Does a district court's power under Rule 36 to "correct a clerical error in a judgment" include the authority to amend a sentencing order to conform with the court's unexpressed intention?**

"Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). Beyond seven days, however, the court has jurisdiction to amend the sentence only in conformity with Rule 36, which provides as follows: "Clerical Error. After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. Rule 36 was amended approximately one year before the district court's attempt to correct its error (the revised language went into effect on December 1, 2002). Previously, the rule stated as follows: "Clerical mistakes in judgments, orders or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." The advisory committee notes, however, advise that the changes "are intended to be stylistic only."

Although the federal rules do not define what constitutes a clerical error, this court has held that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Coleman*, No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000) (unpublished) (quoting *United States v. Burd,* 86 F.3d 285, 288 (2d Cir.1996)). Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice & Procedure* § 611 (3d ed. 2004) ("It is only a clerical error that may be corrected at any time under [Rule 36]. An error arising from oversight or omission by the court, rather than

through a clerical mistake, is not within the purview of the rule.").

Robinson argues that if a district court fails to express its intention to include a new term of supervised release as part of the sentence, then the absence of such a term in the sentence is not a simple clerical error amenable to correction under Rule 36. Conversely, the government argues that because the district court found that "[i]t was the Court's intention to sentence the defendant to a two-year term of supervised release," the omission of that term constitutes a clerical error regardless of whether the district court had ever expressed that intention.

This court has already noted its agreement with the Second and Seventh Circuits that Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself," *Coleman*, 2000 WL 1182460, at *2 (quoting *United States v. Daddino,* 5 F.3d 262, 264 (7th Cir.1993)); *see also United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) ("Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing.").

In support of its position, the government cites an earlier unpublished opinion of this court, *United States v. Libby*, No. 95-1751, 1996 WL 117499 (6th Cir. Mar. 15, 1996). But *Libby* is silent on the question of unexpressed sentencing intentions, because that case involved "a discrepancy between an oral sentence and the written order." *Id.* at *2. This court in *Libby* affirmed the district court's decision to amend a sentence by modifying a term of supervised release so that it conformed with what had been orally discussed at Libby's hearing on his supervised-release violation. *Id.* *Libby* therefore does not support the government's position that Rule 36 authorizes the amendment of a sentencing order to conform with an *unexpressed* sentencing intention.

We also note that if the district court had made its judgment self-sufficient by setting forth the terms of the sentence rather than simply adopt by reference a portion of the magistrate's Report and Recommendation, the oversight that occurred in this case would most likely never have happened. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2785 (2d ed. 1995) ("[T]he separate judgment required by the 1963 amendment [of Rule 58 of the Federal Rules of Civil Procedure] should be self-sufficient and should not merely incorporate other documents by reference . . . ."); Fed.R.Civ.P. 58(a)(1) ("Every judgment and amended judgment must be set forth on a separate document, but a separate document is not required for an order disposing of [certain enumerated motions]."). This case thus provides an instructive illustration of why the dispositive terms of a judgment should be self-sufficient.

### III. CONCLUSION

For all of the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** with instructions to reinstate the sentence that was imposed on January 8, 2003.