NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0223n.06

No. 21-1643

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee

v.

HAPPY ASKER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**

May 11, 2023

DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

---

Before: SILER, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. By means of a criminal judgment entered in 2015, the district court adjudicated Happy Asker guilty of tax fraud, sentenced him to 50 months in prison, and ordered him to pay $2.5 million in restitution. Some three years later, Asker moved to reduce his restitution amount to about $1.1 million. The district court denied the motion. We affirm.

I.

Happy Asker founded Happy's Pizza, a restaurant chain based in eastern Michigan. From 2004 to 2011, he orchestrated a scheme to underreport the income and payroll of various Happy's Pizza stores. A federal jury later convicted him of one count of conspiracy to defraud the United States, three counts of filing a false tax return, 28 counts of aiding and assisting in the filing of a false tax return, and one count of obstructing the administration of the internal revenue laws.

At sentencing, the parties initially disputed the tax loss caused by Asker's scheme. That loss would dictate Asker's base offense level under the guidelines, U.S.S.G. § 2T1.1, and the restitution required under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A.

Asker argued that the tax loss was $1.4 million; the probation office calculated a loss of $5.8 million; and the government said the loss was $7.2 million. After a day's testimony in an evidentiary hearing, the parties told the district court that they were "prepared to stipulate to a loss amount" of $2.5 million. The district court accepted the stipulation.

During sentencing, however, the court asked what would happen if Asker's amended returns later showed that he owed more than $2.5 million in taxes:

| | |
|---|---|
| Court: | You don't anticipate that what is owed will be more than 2.5? |
| Government: | It is hard to say at this point. It is going to depend— |
| Court: | What if it is? Do you anticipate that 2.5 precludes your client from paying back the rest? |
| Asker's Counsel: | I wouldn't think that if it comes out—I would not think that this Court's restitution award would be conclusive on the IRS. In fact, if there was some civil basis to seek additional penalties or interests, the IRS could do that. |
| | I suppose if it turns out the number is less, we may probably come back and apply to the Court for some relief from the restitution amount. |
| Government: | That is correct, Your Honor. |
| Court: | I just—my concern is that if it turns out to be more, I think that is owed. |
| Asker's Counsel: | Yes, Ma'am. We don't disagree with that. |
| Court: | Okay. |

The district court thereafter entered its criminal judgment, which specified a restitution amount of $2.5 million. Asker appealed his convictions; we affirmed. *United States v. Asker*, 676 F. App'x 447 (6th Cir. 2017).

Asker moved in 2018 to reduce his restitution amount, asserting that—based on his amended tax returns—he had actually owed only about $1.1 million in taxes, an amount that he

2

said the IRS did not contest. The government acknowledged that the IRS had chosen not to audit Asker's amended returns, but said that decision reflected the IRS's allocation of its enforcement resources, not any agreement with Asker's numbers. More to the point, the government argued that the district court lacked authority to amend Asker's criminal judgment.

For the next three years, Asker's motion remained unadjudicated in the district court. Finally, in October 2021—after Asker formally moved for a decision on his motion—the district court agreed with the government's argument and denied the motion to reduce Asker's restitution amount. This appeal followed.

II.

We review de novo the district court's conclusion that it lacked authority to amend Asker's restitution amount. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

All litigation must eventually come to an end; a court may revisit a criminal judgment that has become final only when the court has some lawful authority to do so. Here, Asker cites two sources that he thinks authorized the district court to amend his criminal judgment three years after its entry. The first is Criminal Rule 36, which provides in full as follows:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36.

Asker's argument as to Rule 36, specifically, is that, during his sentencing hearing, the district court expressed an intention to lower Asker's restitution amount if his amended tax returns showed that he owed less than $2.5 million. That intention undisputedly appears nowhere in Asker's written judgment; his $2.5 million restitution amount, as stated therein, is unconditional.

Asker says that omission was an "error" in the record arising from oversight or omission, which the court may correct "at any time[.]" Fed. Crim. R. Proc. 36.

Clerical errors, however, are a matter of keystrokes or transposition, "of the sort that a clerk or [court reporter] might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (cleaned up). Errors arising from oversight or omission include discrepancies between the oral sentence and the written judgment. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). They do not include the omission of a district court's "*unexpressed* sentencing intention." *Robinson*, 368 F.3d at 657. Here, one might infer from the hearing transcript that the district court intended to consider redetermining the restitution amount based on any amended returns to be filed. But that aim was neither clearly articulated nor fully developed. *See United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). Thus, its omission from the written judgment was not a "clerical error" or oversight, and Rule 36 does not authorize the amendment Asker seeks.

Asker also argues that Mandatory Victims Restitution Act (the "Act") afforded the district court authority to reduce his restitution amount. Specifically, he says that 18 U.S.C. §§ 3663A(b)(1) and 3664(d)(5), read together, allow the relief he seeks. But § 3663A(b)(1) outlines how restitution is calculated in the first place; it says nothing about changing that amount later. And § 3664(d)(5) allows only victims to seek an increase in restitution. Hence these sections provide no authority for a court to reduce the amount of restitution already ordered.

Nor, contrary to Asker's assertions, do our decisions in *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000) or *United States v. Phillips*, 9 F.4th 382 (6th Cir. 2021) authorize such a reduction. Asker quotes *Vandeberg* out of context, to the effect that the Act "permits amendments to restitution orders to reflect changed circumstances[.]" 201 F.3d at 814. But that dictum hardly authorizes courts to amend restitution awards as they see fit. Read in context, rather,

that dictum describes only the Act's operation within the terms of § 3664(d)(5), the provision addressing victims. Nor has Asker explained how *Phillips* has any application here.

Finally, Asker argues (for the first time on appeal) that the district court's $2.5 million restitution order violates the Eighth Amendment's prohibition on excessive fines. We set to one side the question whether the Excessive Fines Clause applies to restitution orders. The guidelines range for a fine for Asker's many offenses far exceeded the $2.5 million Asker must pay; suffice it to say that his restitution amount was not "grossly disproportional to the gravity of" his offenses here. *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

*    *    *

The district court's order is affirmed.