NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0036n.06

No. 24-5284

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**FILED**
Jan 27, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE WESTERN |
| CHARLES MCMILLIN, | ) ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) ) ) | OPINION |

BEFORE: SILER, KETHLEDGE, and BUSH, Circuit Judges.

**BUSH, Circuit Judge.** Months after his criminal conviction became final, Defendant-Appellant Charles McMillin moved to amend the terms of his sentence of imprisonment. Because the district court correctly rejected his request, we **AFFIRM.**

## I.

In 2022, McMillin pleaded guilty to a one-count indictment alleging a violation of 18 U.S.C. § 922(g)(1). As part of his plea, and absent two exceptions not relevant here, he agreed to waive his rights to "directly appeal his conviction and the resulting sentence" and to "contest or collaterally attack his conviction and the resulting sentence." Plea Agreement, R. 22, ¶ 10, PageID 48.

When he pleaded guilty in federal court, McMillin also faced several criminal charges in two unrelated cases pending in state courts, neither of which had reached final judgment. At his federal sentencing, he asked the district court to order that his sentence run concurrently to any

sentence subsequently imposed in the two state cases. The district court denied the request and ultimately sentenced McMillin to 37 months' imprisonment. He did not file a direct appeal.

Seven months after his conviction became final, McMillin moved to amend the federal judgment to make his federal sentence "run concurrently with the sentences imposed" in the state cases, which were imposed after McMillin's federal sentence. Mot. to Amend, R. 40, PageID 147. The motion did not identify a source of law authorizing the district court to make the requested amendment. The district court considered the motion an unlawful attempt to modify a final judgment and denied the motion. McMillin appealed.

## II.

Because McMillin did not directly appeal his sentence, we review only the district court's order denying the motion to amend. Reviewing that decision de novo, *see United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001), we agree with the district court that McMillin fails to identify a basis to revisit his final judgment.

Federal law generally prohibits revisiting the terms of an otherwise final sentence of imprisonment unless some source of law expressly permits a post-imposition amendment or reassessment. *See* 18 U.S.C. § 3582(c)(1)(B). McMillin sought to alter the terms of his sentence months after its imposition. That left McMillin with only one avenue of attack: Federal Rule of Criminal Procedure 36.[1] But McMillin did not expressly invoke that rule, and in any event, it does not permit the alteration he seeks.

Rule 36 allows a district court to correct minor transcription errors in a criminal judgment "at any time," but only if the errors are "clerical." Fed. R. Crim. P. 36. The category of clerical

---

[1] McMillin waived his right to collaterally attack his sentence and, in any event, did not avail himself of this separate proceeding.

errors within the scope of Rule 36 is narrow. The error "must not be one of judgment . . . but merely of recitation." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (citation omitted). It includes only those errors which are "mechanical in nature" and does not permit "the correction of errors made by the court itself," including legal errors made in the terms of imprisonment imposed. *Id.* (citations omitted). McMillin does not seek to correct a clerical error in his criminal judgment. Instead, he seeks to add a term to his sentence that the district court, at sentencing, expressly declined to include. That type of substantive alteration "is not within the ambit of Rule 36." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (per curiam).

On appeal, McMillin largely attempts to relitigate the merits of his underlying sentence. He maintains that the district court declined to run his federal sentence concurrent to any state sentences because of a legal error: its purported conclusion that the court lacked the power to do so. But the time to challenge the district court's original decision came and went fourteen days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). At that point, McMillin's sentence became final, and he must now point to some source of law permitting the district court to amend or otherwise reassess the validity of the final judgment. *Cf. United States v. Asakevich*, 810 F.3d 418, 420 (6th. Cir. 2016). Because no such authority exists, the district court properly rejected his motion to amend.

## III.

For these reasons, we affirm the district court's judgment.