NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0328n.06

No. 25-1005

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 03, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| MARZELL ANDERSON, III, | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: MOORE, GRIFFIN, and RITZ, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Following his arrest and detention on federal firearm charges in fall 2018, Marzell Anderson, III awaited sentencing for nearly five years while in state custody serving a sentence for two unrelated state charges. When Anderson was finally sentenced on the federal charges in fall 2023, he asked the district court to backdate his sentence to account for his time in custody awaiting sentencing. The district court instead elected to sentence Anderson to 110 months of imprisonment, a sentence at the bottom of Anderson's Guidelines range, and recommended that the Federal Bureau of Prisons ("BOP") award Anderson credit for his time in custody. Following sentencing, Anderson filed a motion pursuant to Federal Rule of Criminal Procedure 36 seeking to correct the district court's sentencing pronouncement, arguing that the written sentence contradicted the court's clear intent to backdate his sentence. The district court denied the motion.

On appeal, Anderson challenges the denial of his motion to correct the district court's judgment of sentence. But because the error that Anderson seeks to correct is not a clerical one, we **AFFIRM** the district court's denial of Anderson's Rule 36 motion.

## I. FACTUAL BACKGROUND

### A. Anderson's Arrest and Detention in State Custody

On October 22, 2018, federal agents executing a search warrant for Marzell Anderson's home found two firearms, including one firearm with an obliterated serial number. R. 89 (PSR at ¶¶ 10–11). Anderson was arrested on state charges that day. *Id.* at ¶¶ 37–38. Subsequently, on November 1, 2018, a district court issued a federal criminal complaint charging Anderson with two counts of possessing a firearm as a felon and possessing a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(g)(1) and (k), respectively. R. 1 (Complaint at 1) (Page ID #1). Anderson was indicted on both federal charges in June 2019. R. 17 (Indictment at 1–2) (Page ID #63–64).

At the time of his arrest, Anderson was placed into the custody of Wayne County, Michigan, whereupon he was charged with, and eventually pleaded guilty to, two unrelated state criminal offenses. R. 89 (PSR at ¶¶ 37–38). Anderson was sentenced on both state charges in December 2019; his earliest release date from state custody was September 18, 2021, while his latest possible discharge date was September 18, 2030. *Id.* Although he appeared in federal court pursuant to a writ of *habeas corpus ad prosequendum* on multiple occasions, Anderson remained in state custody for the entire period between his arrest in October 2018 and his eventual federal sentencing in August 2023. *Id.* at ¶ 8.

**B. The Proceedings Below**

While in state custody, Anderson pleaded guilty in federal court to one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). R. 32 (Plea Agreement at 2) (Page ID #114). Included in Anderson's plea agreement was an appeal waiver pursuant to which Anderson agreed to "waive[] any right he may have to appeal his conviction on any grounds." *Id.* at 8 (Page ID #120). Anderson also agreed to "waive[] any right he may have to appeal his sentence on any grounds" if the district court's selected sentence "d[id] not exceed 180 months." *Id.* At a plea hearing, the district court discussed the appeal waiver with Anderson:

> THE COURT: Okay. The—there's an appeal waiver that you waive any right you have to appeal the conviction if the sentence does not exceed 180 months, but you don't bar—you're not barred from filing a claim for ineffective assistance of counsel. You understand that?
>
> THE DEFENDANT: Yes, sir.

R. 65 (Plea Hr'g Tr. at 9) (Page ID #416). And at the end of the hearing, when the government stated that "[t]he appeal waiver was addressed," Anderson did not object. *Id.* at 11–12 (Page ID #418–19). The district court concluded that Anderson's "plea [was] knowingly, freely, and voluntarily made," accepted his guilty plea, and took the plea agreement under advisement. *Id.* at 14–15 (Page ID #421–22).

Following Anderson's guilty plea, the United States Probation Office authored a presentence investigation report ("PSR") in which it determined that Anderson was subject to the Armed Career Criminal Act ("ACCA") because he had a sufficient number of qualifying predicate offenses. *See* R. 73 (*Wooden* Motion at 2) (Page ID #450). Probation therefore calculated Anderson's Guidelines sentence as 180 months, the mandatory minimum sentence under the ACCA. *Id.* But in the intervening time between Anderson's plea and his sentencing, the Supreme

3

Court decided *Wooden v. United States*, 595 U.S. 360 (2022), which held that, for the ACCA to apply, the government must demonstrate that each of a defendant's prior convictions was committed on "different occasions." *Id.* at 363. As a result, Anderson moved to reopen the PSR and recalculate his Guidelines range. R. 73 (*Wooden* Motion at 1–4) (Page ID #449–52). The district court granted the motion, concluding that the ACCA did not apply to Anderson. R. 80 (*Wooden* Order at 5–6, 8) (Page ID #948–49, 951). It therefore directed that the PSR be revised. *Id.* at 8 (Page ID #951). The Probation Office issued an amended PSR calculating Anderson's revised Guidelines range as 110 to 120 months. R. 89 (PSR at ¶ 72).

Anderson's case proceeded to sentencing.[1] At a sentencing hearing held on August 17, 2023, the district court accepted Anderson's guilty plea and granted the government's request to dismiss the second count of the indictment. R. 90 (Sent'g Tr. at 6) (Page ID #1106).

Anderson's counsel advocated in favor of imposing a "concurrent—not sure if concurrent is the right word, but a sentence that gives him credit for the time he's been in custody on the federal case." R. 90 (Sent'g Tr. at 14) (Page ID #1114). Counsel argued that because Anderson was "not going to get any credit on his federal case because of the—the way the Bureau of Prisons interprets how they give custody," the district court should, pursuant to the Guidelines, impose a sentence as if it had begun on November 1, 2018, the date that Anderson was charged with the federal crimes while he was in state custody. *Id.* at 15 (Page ID #1115). Counsel noted that Anderson's repeated transfers from state to federal custody on writs had prevented Anderson from completing an in-prison course that could have allowed him an earlier release from state custody.

---

[1]On March 22, 2023, Anderson's case was reassigned to a different district court judge. R. 70 (Reassignment Order) (Page ID #443). Different district court judges therefore oversaw Anderson's plea hearing and his sentencing.

*Id.* at 14–15 (Page ID #1114–15). Counsel concluded by stating, "I don't—never quite know what

the exact language should be, but" that the court should impose a sentence that "would account for

the fact that his federal case started November 1st in 2018." *Id.* at 16 (Page ID #1116).

After hearing arguments from both parties and assessing the 18 U.S.C. § 3553(a) factors

as applied to Anderson, the district court found that "a significant sentence of imprisonment [was]

warranted" but that it was "going to give you a slight break from the guidelines to account for the

fact that it's been unrebutted that . . . your state sentence might have ended sooner if you were to

complete this program." *Id.* at 24–25 (Page ID #1124–25). The district court nevertheless

concluded that it was "going to sentence [Anderson] to the bottom of the guidelines to a term of

imprisonment of 110 months to be served concurrent to your state sentence that you're already

serving." *Id.* at 25 (Page ID #1125).

Following the district court's pronouncement of Anderson's sentence, defense counsel

raised a question, stating:

> MS. RABEN: You indicated that it's concurrent to his state sentence. Do you mean that it—that his federal sentence starts, say, on November 1st of 2018 when the federal case started or some other date, or starts today?

> THE COURT: I don't believe I can start his federal sentence prior to the date that charges were imposed, so November 1st, 2018, would be the earliest date that the Bureau of Prisons—

> MS. RABEN: That's what I'm asking.

> THE COURT: —could count it.

> MS. RABEN: You were imposing—I don't—I'm going to have to—[Probation Officer] Hampstead is going to have to say the correct words because I never know exactly how to phrase this, that the Bureau of Prisons will give him credit on your sentence from a date earlier than today.

5

THE COURT: I am recommending to the Bureau of Prisons that they credit you, Mr. Anderson, for any time that you have served since November 1st, 2018. Is that the correct—

MS. RABEN: Thank you.

THE COURT: —language, Mr. Hampstead?

MR. HAMPSTEAD: It is close enough, Your Honor. It actually should be—I believe the Bureau of Prisons will give him credit for time served starting October 22nd, 2018, when he was arrested on the search warrant.

THE COURT: Thank you. So I'm amending my prior statement to recommend that the Bureau of Prisons, that they give you credit for time served since October 22nd, 2018.

MS. RABEN: Thank you.

*Id.* at 27–29 (Page ID #1127–29).

After pronouncing the sentence, the district court informed Anderson of his appeal rights and asked the parties for any objections to the sentence. *Id.* at 29–30 (Page ID #1129–30). Neither party objected. *Id.* at 30 (Page ID #1130). But the government did note "that because the defendant signed a [plea agreement] that the Court has accepted, there is a waiver of appeal contained in that [plea agreement] that we believe would apply here." *Id.* Defense counsel did not object. *Id.*

The district court entered a judgment of sentence stating that "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 110 months, to be served concurrently to the undischarged terms" of his two state sentences. R. 87 (Judgment at 2) (Page ID #1053). The judgment also recommended to the BOP "[t]hat the defendant . . . receives credit for time served since October 22, 2018." *Id.*

6

Six months after the entry of judgment, Anderson moved to correct the judgment pursuant to Federal Rule of Criminal Procedure 36. R. 91 (Rule 36 Motion) (Page ID #1133–41). According to Anderson, the judgment was inaccurate because it failed to represent the district court's "clear[] inten[t]" that Anderson "receive credit against his federal sentence for the time he was in joint state-federal custody before the date of his federal sentencing." *Id.* at 2 (Page ID #1134). Although the judgment included a recommendation that the BOP credit Anderson for any time served awaiting federal sentencing, Anderson argued that the district court had intended instead to backdate the start of his sentence to November 2018. *Id.* at 1–2 (Page ID #1133–34). According to Anderson, then, the written judgment impermissibly conflicted with the district court's oral pronouncement of sentence. *Id.* at 5–6 (Page ID #1137–38).

The district court disagreed. In an order filed on December 17, 2024, the district court concluded that it lacked authority under Rule 36 to amend Anderson's sentence in the way he desired because only the BOP, and not the district court, had the authority to give Anderson credit for his time spent in pre-sentencing state custody. R. 95 (Rule 36 Order at 3–4) (Page ID #1193–94). The district court therefore denied Anderson's motion. *Id.* at 4 (Page ID #1194). Anderson timely appealed. R. 96 (Notice of Appeal) (Page ID #1196–97).

## II. DISCUSSION

On appeal, Anderson challenges the denial of his Rule 36 motion. Because we conclude, as explained below, that Anderson's appeal fails on the merits, we need not definitively decide whether Anderson's waiver of his right to appeal was knowing and voluntary. *See United States v. Hampton*, 732 F.3d 687, 690 (6th Cir. 2013) (explaining that appeal waivers are non-

jurisdictional). Instead, assuming that the appeal waiver is inoperable, we proceed to the merits of Anderson's challenge to the length of his sentence.

In the district court, Anderson filed a Rule 36 motion seeking to amend the language of his sentencing judgment to reflect the district court's "clear[] inten[t]" to decrease his sentence on account of the years he spent in state custody awaiting sentencing in his federal case. R. 91 (Rule 36 Motion at 2) (Page ID #1134). The district court denied Anderson's motion, concluding that it lacked authority under Rule 36 to amend Anderson's sentence as he requested. R. 95 (Rule 39 Order at 3–4) (Page ID #1193–94). On appeal, Anderson challenges the district court's conclusion that it lacked the authority to amend his sentence to give Anderson credit for his time awaiting sentencing. Because Anderson's challenge is to the district court's legal conclusion, we review the district court's decision de novo. *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004).

Pursuant to Rule 36, a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Although the federal rules do not define what constitutes a clerical error, this court has held that 'a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *Robinson*, 368 F.3d at 656 (quoting *United States v. Coleman*, No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000)). Thus, "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *Id.* (citing 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice & Procedure* § 611 (3d ed. 2004)). In other words, "Rule 36 'is not a vehicle for the vindication of the court's

unexpressed sentencing expectations, or for the correction of errors made by the court itself.'" *Id.* (quoting *Coleman*, 2000 WL 1182460, at *2).

The error of which Anderson complains is not a clerical one, and Rule 36 is thus an inappropriate vehicle for the relief he seeks. According to Anderson, when the district court recommended in its judgment of sentence that he "receive[] credit for time served since October 22, 2018," R. 87 (Judgment at 2) (Page ID #1053), the court did not intend merely to recommend to the BOP that Anderson receive credit towards his sentence. Instead, Anderson argues, the district court meant to backdate the start of Anderson's sentence by several years in accordance with U.S.S.G. § 5G1.3(d), which authorizes a district court to impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." But even if the district court had intended to impose such a sentence, that intention is the very type of "unexpressed sentencing expectation[]" that Rule 36 cannot be used to correct. *Robinson*, 368 F.3d at 656 (internal quotation omitted). And to the extent that Anderson seeks to alter substantively the length of his sentence, we have cautioned that such "relief is not within the ambit of Rule 36." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (per curiam). Because Anderson has failed to identify a clerical error within his sentencing judgment, the district court did not err in denying the Rule 36 motion to correct the judgment of sentence.

There appears to have been some confusion at Anderson's sentencing regarding both the sentence that Anderson's counsel was requesting and the district court's authority. Anderson's counsel, for her part, twice used the word "credit" in describing her request, R. 90 (Sent'g Tr. at 14, 28) (Page ID #1114, 1128); failed to identify her request as specifically arising under U.S.S.G.

9

§ 5G1.3(d); and ultimately acquiesced to the district court's wording of her request, which was that the court "recommend[] to the Bureau of Prisons that they credit you, Mr. Anderson, for any time that you have served since November 1st, 2018." R. 90 (Sent'g Tr. at 28) (Page ID #1128). At the same time, it appears from the record that the district court may have mistakenly believed that the BOP had authority to follow its recommendation, which it did not. *See* 18 U.S.C. § 3585(b) (precluding the BOP from awarding credit towards a sentence that has already "been credited against another sentence"). But the correct vehicle for ameliorating any such mistake would have been either a motion made pursuant to Federal Rule of Criminal Procedure 35(a), by which a defendant may, within fourteen days of sentencing, move the district court to "correct a sentence that resulted from arithmetical, technical, or other clear error"; or a direct appeal, filed within fourteen days of the entry of judgment or the order being appealed, by which a defendant may challenge the procedural or substantive reasonableness of their sentence. Fed. R. App. P. 4(b)(1)(A)(i). Anderson failed timely to pursue either avenue, and the avenue he did pursue—a Rule 36 motion—is reserved solely for clerical errors. Because there was no clerical error, the district court did not err in denying Anderson's motion.

## III. CONCLUSION

For the foregoing reasons, we conclude that the district court did not err in denying Anderson's Rule 36 motion to correct the judgment of sentence. We therefore **AFFIRM**.